FILED

AUG 29 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 2:24-cr-193 |
| ASHOK PANIGRAHY | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Transportation and Attempted Transportation of Material Depicting the Sexual Exploitation of a Minor<br><br>From on or about November 15, 2022, through on or about November 22, 2022 | 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1) |
| Two | Possession of Material Depicting the Sexual Exploitation of a Minor<br><br>From on or about November 21, 2022, through on or about November 22, 2022 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

A.  **As to Count One:**

In order for the crime of Transportation and Attempted Transportation of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(1) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly transported or shipped any visual depiction of a minor using any means or facility of interstate commerce, or in or affecting interstate or foreign commerce by any means including by computer, or mailed any visual depiction, or attempted to do so;

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the visual depiction was of such conduct; and

3. That the defendant knew such visual depiction was of a minor engaged in sexually explicit conduct.

Title 18, United States Code, Sections 2252(a)(1) and (b)(1).

B.  **As to Count 2:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items which contained any visual depiction of a minor engaging in sexually explicit conduct;

2

    2.    That the item which contained the visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in and affecting interstate or foreign commerce, or the visual depiction had been produced using materials which had been mailed or shipped or transported by any means, including by computer;

    3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the visual depiction was of such conduct; and

    4.    That the defendant knew such visual depiction was of a minor engaged in sexually explicit conduct; and

    5.    That the visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

### III. PENALTIES

**A.    As to Count One: Transportation and Attempted Transportation of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(1) and 2252(b)(1)):**

    1.    Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be imprisoned not less than fifteen (15) years nor more than forty (40) years.

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

**B. As to Count 2: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than 10 years nor more than 20 years.

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One and Two, an additional special assessment of $5000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were

committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Count One, pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $35,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined in 18 U.S.C. § 2259(c)(3).

With respect to Count Two, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018 and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

As to Counts One and Two, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Heidi M. Grogan*
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184