IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:24-cr-193 |
| ASHOK PANIGRAHY | |

**UNITED STATES' SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Sentencing Memorandum.

Upon consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government requests that the Court sentence Defendant Ashok Panigrahy to a total term of 48 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States respectfully submits that a sentence of 48 months (4 years) of imprisonment is a fair, just, and reasonable incarceration sentence that reflects the seriousness of this defendant's conduct in this particular case.

In the plea agreement, the parties left the length of the Defendant's term of supervised release to the Court's determination. Still, the term cannot be less than 5 years per statute. *See* 18 U.S.C. § 3583(k). For the reasons set forth below, the United States requests a period of supervised release of ten (10) years following the defendant's release from prison. The United States asks for this term of supervised release given Panigrahy's demonstrated deviant sexual interest in children, including the possession of child sexual abuse material (CSAM) which depicts the sexual abuse of toddlers and prepubescent minors and online activity indicating that Panigrahy

interacted with and sought such material from like-minded individuals—all while Panigrahy held a position of prestige and trust as a pediatric medical doctor.

## I. TITLE 18, UNITED STATES CODE, SECTION 3553(a)

This Court must impose a sentence that is reasonable in light of the factors listed in Title 18, United States Code, Section 3355(a) (hereinafter "the Section 3553(a) factors"). In applying the Section 3553(a) factors, the Court must exercise its discretion, while recognizing and responding to all non-frivolous arguments of the parties. *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006). The district court's record should reflect "meaningful consideration of the relevant sentencing factors." *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010); *United States v. Larkin*, 629 F.3d 177, 197 (3d Cir. 2010); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). However, the Court need not discuss each factor if the record makes clear that the Court took all relevant factors into account in imposing the sentence. *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *Cooper, supra*, 437 F.3d 329. In sentencing the defendant, the district court must articulate on the record that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The Court need not discuss every defense argument, *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010). Section 3553(a) directs federal courts to impose sentences that are sufficient to account for each of the relevant Section 3553(a) factors but which are not greater than necessary.

Under the serious and troubling facts of this case, the United States requests this Court to sentence the Defendant to a total term of 48 months' imprisonment with lifetime supervision

because such a sentence sufficiently accounts for each of the Section 3553(a) factors, discussed below.

### a. The Nature and Circumstances of the Offense (18 U.S.C. § 3553(a))

The nature and circumstances of the Defendant's offense is extremely serious. While Panigrahy did not possess a vast collection of CSAM, the circumstances of Panigrahy's possession demonstrated that he obtained his material through online conversations on an encrypted platform with other like-minded individuals. The CSAM material Panigrahy saved was all video content, which is arguably more egregious, and included some depictions of very young victims, including toddlers and prepubescent minors being sexually abused. Such conduct is unacceptable, period. However, it is more reprehensible when it is committed clandestinely by an individual who is entrusted with caring for children and is given privileged access to a facility dedicated to helping and treating children. Thus, beyond victimizing the children whose depictions of sexual abuse he possessed, the Defendant's conduct represents a disturbing betrayal of trust to our community of children and their families in the Western District of Pennsylvania.

"[T]he 'victimization' of the children involved does not end when the camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). The consumption of child sexual abuse material (child pornography) perpetrates its proliferation. Consumers of child pornography, like defendant Panigrahy, contribute to the cycle of abuse and are in part responsible for the psychological and physical harm of the children used to produce the images. *United States v. Yeaple*, 605 F. Supp. 85, 86 (M.D. Pa. 1985); *see also New York v. Ferber*, 458 U.S. 747, 759 (1982). The victims of child sexual abuse have no control over the continued circulation of the

3

images and videos of their initial sexual abuse, allowing them to be exploited by Panigrahy or anyone, at any time, all over the world. This is true for Panigrahy's victims and their families.

### b. History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

The United States has carefully considered the self-reported information stated within the PSR at ¶¶ 61-87. No individual should have to endure some of the things that Pangrahy did. Because the impact of such experiences often is long lasting, the United States submits that such information demonstrates that Panigrahy should have understood the traumatic impact that his criminal conduct would have on his minor victims. The government submits that it is common sense that a person who has experienced a traumatic event or events is more likely to *empathize* with another person going through similar trauma. The United States submits that while this information is one of the reasons the Court should accept the parties' negotiated plea, the United States underscores that such life experiences cannot and should not excuse Panigrahy's illegal acts.

### c. Seriousness of the Offense, Respect for the Law, Provision of Just Punishment (18 U.S.C. § 3553(a)(2)(A))

The defendant's sentence should reflect the gravity of the offense and the need for retribution such that the punishment fits and the crime and the defendant is punished justly. *See Untied States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). Child sex crimes are among the most egregious and despicable of societal and criminal offenses." *Id.*; *see also United States v. Foss*, 501 F.2d 522, 527 (1st Cir. 1974) (cited with approval in the legislative history of Section 3553(a)) ("[T]he view that punishment should fit the offender has never yet been held to eliminate general deterrence as a factor to be considered along with others . . . This is so even though general deterrence concerns itself not with the individual offender but with the sentence's impact on others.").

4

For the victims of the child sexual abuse material that Panigrahy possessed, his crime caused further victimization and put a roadblock in their road to recovery from the trauma of their initial abuse. The Third Circuit in *United States v. Goff* observed, when Congress passed the Child Pornography Prevention Act of 1996, Congress found that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." 501 F.3d 250, 259 (3d Cir. 2007) (citing Child Pornography Prevention Act of 1996 ("CPPA"), Pub. L. 104-208, sec. 121, 110 Stat. 3009-26, reprinted in 18 US.C. § 2251 note at 611); *see also United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006). The Supreme Court explained, "[c]hild pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). Digital images can live on indefinitely and so does the harm to the victims of child pornography. *See* U.S. Sentencing Comm'n, *Report to Congress: Federal Child Pornography Offenses*, at vi (December 2012), *available at* http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf (child pornography offenses "result in perpetual harm to victims and validate and normalize the sexual exploitation of children"). The victims live in fear that the people they interact with have viewed the sexual abuse images and will recognize them, leading to difficulty in maintaining jobs, relationships, and an increase in alcoholism later in life. *See id.* at 112-13. These victims "suffer by knowing that their images are being used by offenders for sexual gratification and potentially

5

for 'grooming' new victims of child sexual abuse." *Id.* (footnote omitted).

Thus, the law is clear that child exploitation crimes warrant stringent sentences. Here, the government submits that the United States' proposed sentence of 4 years' incarceration followed by a term of 10 years' supervised release will promote seriousness for the offenses and respect for the law, particularly as to those individuals who, like the defendant, will victimize children privately online. The United States' proposed sentence is necessary and just punishment for Panigrahy.

    **d.**  **Deterrence of Others (18 U.S.C. § 3553(a)(2)(B)) and Protection of the Public (18 U.S.C. § 3553(a)(2)(C))**

Based on the serious nature of the defendant's criminal misconduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in the trafficking and creation of child sexual abuse material (child pornography). Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence. *See Rita,* 551 U.S. at 349. Children are the most defenseless members of our society and this Court's sentence must protect them from this defendant, as well as provide general deterrence for others who may consider engaging in similar conduct. The United States' requested sentence, followed by 10 years of supervised release, will adequately deter others and protect the community from this Defendant.

    **e.**  **Need to Avoid Sentencing Disparity (18 U.S.C. § 3553(a)(6))**

The Defendant's criminal conduct has triggered several serious sentencing enhancements that justifiably increase his guideline range. *See* PSIR at ¶¶ 41-45. Still, the government submits that the United States' sentencing recommendation—a term of imprisonment of 4 years followed by a significant term of supervised release—is sufficient but not greater than necessary while

avoiding sentencing disparities.  The United States' recommended sentence is not unreasonable and certainly would not be anomalous in the context of possession of child pornography/CSAM sentences within the Western District of Pennsylvania.

## II. RESTITUTION

Pursuant to 18 U.S.C. § 3663A, restitution is mandatory.  As stated in the Joint Status Report, the Defendant has agreed to pay the restitution requested by the victims who submitted restitution claims.

## III. VICTIM IMPACT

It is the practice in this district to inform the Court and counsel of any Victim Impact Statements by submission through the U.S. Probation Office.  The government has thus submitted a number of Victim Impact Statements to the Court for consideration at the sentencing hearing.

## IV. SPECIAL ASSESSMENTS

Given the assets identified in the PSIR at paragraph 88, the United States agrees with the U.S Probation Officer that the Defendant has the ability to pay the $5,000 special assessment required by the Justice for Victims of Trafficking Act, as well as an amount under the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018.  The United States asks the Court to order appropriate amounts pursuant to these statutes.

## V. FORFEITURE

The government asks that the Court order forfeiture as indicated at paragraph 10 of the PSIR and as stated in the plea agreement between the parties.

## VI.  CONCLUSION

For all of the foregoing reasons, and in consideration of the facts and circumstances of this particular case, the government respectfully requests the Court to sentence Panigrahy to a term of 48 months' (4 years) imprisonment followed by a term of ten (10) years' supervised release.  Such a sentence is warranted, provides just punishment, and is not greater than necessary to address the defendant's crimes and the factors set forth at 18 U.S.C. § 3553(a).

                          Respectfully submitted,

                          TROY RIVETTI
                          Acting United States Attorney

                          s/ *Heidi M. Grogan*
                          HEIDI M. GROGAN
                          Assistant United States Attorney
                          PA ID No. 203184